# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL NO. 3:05 CV 116

| | | |
|---|---|---|
| **WANDA THREAT,** | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | **ORDER** |
| | **)** | |
| **JOHN E. POTTER,** | **)** | |
| Defendant, | **)** | |
| | **)** | |
| _____ | **)** | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Dismiss" (Document No. 4), filed May 20, 2005, by the Defendant, John E. Potter, Postmaster General of the United States; the "Response to Motion" (Document No. 6), filed June 14, 2005 by the Plaintiff, Wanda Threatt; and the "Government's Reply to Plaintiff's Response" (Document No. 7), filed June 21, 2005. The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and this matter is now ripe for disposition. Having carefully considered the arguments of the parties and the record, the undersigned will <u>deny</u> the Defendant's motion without prejudice, and <u>grant</u> the Plaintiff leave to amend her Complaint.

The Defendant moves for dismissal of the Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), on the grounds that the Plaintiff does not allege any jurisdictional basis for her cause of action, and fails to state a claim upon which relief can be granted. The Defendant's arguments have some merit. Fed. R. Civ. P. 8(a) outlines the general pleading requirements for a complaint. These requirements include "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Additionally, because federal

courts are courts of limited jurisdiction and because their jurisdiction is not presumed, "plaintiffs must affirmatively plead the jurisdiction of the federal court." Dracos v. Hellenic Lines Limited, 762 F.2d 348, 350 (4th. Cir. 1985). Finally, the burden of proof rests with the Plaintiff to establish subject matter jurisdiction in federal courts. Richmond, Fredericksburg & Potomac Railroad Company v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

The Plaintiff's Complaint largely lacks an affirmative statement of federal court jurisdiction. Furthermore, it is not clear to the Court whether the Plaintiff is pursuing claims under federal law, state law, or both. The Court also agrees with the Defendant that the relevant time period of the alleged conduct complained of is ambiguous. Dismissal of the Complaint could be warranted under these circumstances.

However, in its discretion, the Court finds that allowing the Plaintiff to amend her Complaint to correct these deficiencies is a wiser course than to order a dismissal at this early stage of the action. The Plaintiff is allowed ten days to amend her Complaint. Depending on the nature of any deficiencies in the Amended Complaint, the Defendant may bring this motion again, if warranted.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion to Dismiss" (Document No. 4) is **DENIED** without prejudice. The Court further grants Plaintiff leave to file an Amended Complaint within ten days of the date of this order.

Signed: June 2, 2006

David C. Keesler
United States Magistrate Judge