# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:05-CV-116-DCK

| | |
|---|---|
| WANDA C. THREATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JOHN E. POTTER, ) | |
| Postmaster General of the United States, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Summary Judgment" (Document No. 25) and "...Memorandum In Support..." (Document No. 26), filed April 30, 2008, and Plaintiff's "Response To Motion For Summary Judgment" (Document No. 30), filed May 22, 2008. Defendant filed a "Notice" (Document No. 33) on June 3, 2008, informing the Court that a reply would not be filed. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this matter is ripe for disposition.

After careful consideration of the papers, the record, applicable authority, and the arguments of counsel at motion hearing on June 17, 2008, the undersigned will <u>grant</u> the motion summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Wanda C. Threatt ("Plaintiff") filed her "Complaint" (Document No. 1) in this matter on March 17, 2005, alleging she had been subjected to a hostile work environment and discriminated against based on her race; and had suffered discrimination and/or retaliation based on a prior EEO complaint and a physical disability.

Plaintiff is an African-American woman employed by the United States Postal Service in Charlotte, North Carolina. On or about July 14, 2001, Plaintiff suffered an injury to her foot while on the job and subsequently filed a workers compensation claim. Plaintiff contends that her supervisors, particularly Chris Gabree, treated her in a hostile manner following her claim and obstructed her efforts to get her benefits. She filed an EEO complaint against the Postal Service alleging discrimination by management because of her race, sex, and disability. On June 25, 2003 the parties entered into a settlement agreement resolving that complaint.

Soon after the settlement agreement, Plaintiff alleged that the agency had breached the agreement. The agency, however, concluded on March 30, 2004 that no breach of the settlement agreement had occurred. Following an appeal by Ms. Threatt, the U.S. Equal Employment Opportunity Commission ("EEOC") issued a decision on November 18, 2004 affirming that the agency was in compliance with the June 2003 settlement agreement. The decision of the EEOC also notified Plaintiff of her right to file a civil action in federal court within ninety (90) days. No further action was taken by either party regarding the settlement agreement.

In October 2003, during the pendency of the above action, Plaintiff filed another "EEO Complaint of Discrimination in the Postal Service" alleging harassment and discrimination by Chris Gabree. That complaint alleged discrimination based on race, sex, disability, and retaliation, and specifically relates to alleged denials of requests for sick leave in September 2003 and a November 2003 Letter of Warning for excessive absences.

An EEOC Administrative Judge issued a decision finding no discrimination by the agency. On December 16, 2004, Plaintiff was issued a "Notice Of Final Action" in this matter and was again informed she had ninety (90) to file a civil action in an appropriate U.S. District Court. Plaintiff

subsequently made her timely filing of the instant action in this Court on March 17, 2005.

On May 20, 2005, Defendant filed a "Motion To Dismiss" (Document No. 4). On June 2, 2006, the undersigned denied the motion without prejudice and granted Plaintiff leave to file an amended complaint. Plaintiff filed an "Amended Complaint" (Document No. 14) on June 12, 2006, which alleged three causes of action: (1) hostile work environment based on racial discrimination; (2) discrimination and retaliation as a result of Plaintiff's first EEO complaint; and (3) discrimination based on Plaintiff's alleged disability.

Defendant filed its "...Motion For Summary Judgment" (Document No. 25) on April 30, 2008. On June 17, 2008, the undersigned held a hearing on the motion.

## II. STANDARD OF REVIEW

The standard of review here is familiar. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As this Court has previously explained:

> Defendant as the moving party has the initial burden to show a lack of evidence to support Plaintiff's case. If this showing is made, the burden then shifts to the Plaintiff who must convince the Court that a triable issue does exist. Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the [Plaintiff]."

Boggan v. Bellsouth Telecomms., Inc., 86 F.Supp. 2d 545, 547 (W.D.N.C. 2000) (citations omitted).

The non-moving party opposing summary judgment "may not rest upon the mere allegation or denials of his pleading, but his response ... must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. In deciding a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party, that is, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

### III. DISCUSSION

Defendant contends that Plaintiff has not adequately asserted that there is a genuine issue as to any material facts in any of its claims such that a reasonable jury could return a verdict for the Plaintiff. Defendant characterizes the alleged wrongs Plaintiff claims to have suffered as "tribulations of the workplace" and not actionable under federal law. The undersigned agrees.

**A.   Whether Plaintiff was subjected to a hostile work environment.**

To prevail on a Title VII hostile work environment claim of harassment, a plaintiff must establish that the alleged harassment was: (1) unwelcome; (2) based on a protected characteristic; (3) sufficiently pervasive or severe to alter conditions of employment and to create a hostile work environment; and (4) imputable to the employer. Matvia v. Bald Head Island Mgmt., Inc., 259 F.3d 261, 266 (4th Cir. 2001). At a minimum, Plaintiff has failed to meet the high bar required to establish a sufficiently severe or pervasive harassment to alter the conditions of her employment.

Plaintiff describes several instances that she contends meet the elements of hostile work environment in order to overcome summary judgment. She contends that she was subjected to eye rolling, micromanagement, and criticism by her supervisor. (Document No. 30 at 6). She also

contends that she was "hollered at a couple of times" by one of her managers. (Document No. 26-2 at 24). Plaintiff further alleges that she had to endure inaction and foot dragging on her legitimate requests for leave for her medical appointments and had to anxiously wait in suspense for the approval of these requests. (Document No. 30 at 6). Plaintiff also argues that she was written up for absences that should have been excused, which were eventually stricken from her file. Id. Plaintiff contends that she has met the burden to overcome summary judgment because she has adequately forecast evidence to establish a hostile work environment.

Defendant responds that in order to establish a *prima facie* case for hostile work environment, one of the essential elements that the plaintiff must prove is that her workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." (Document No. 26 at 21) citing Harris v. Forklift Sys. Inc., 510 U.S. 17, 21 (1993), quoting Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986). The Supreme Court opined that in order to determine an "abusive" or "hostile" work environment, a court must look to the totality of the circumstances. Id. at 23. These circumstances may include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment - an environment that a reasonable person would find hostile or abusive - is beyond Title VII's purview." Id. at 21.

In Smith v. First Union Nat. Bank, 202, F.3d 234, 238 (4th Cir. 2000), an employee was subjected to a "barrage of threats and gender-based insults while she was under" her supervisor's direction. The supervisor's remarks included stating that he would have preferred a male team leader

5

instead of the plaintiff because males are "natural leaders," women are "too emotional," and physically threatened her. Id. at 238-39. Ultimately, the court concluded that "a work environment consumed by remarks that intimidate, ridicule, and maliciously demean that status of women can create an environment that is as hostile as an environment that contains unwanted sexual advances." Id. at 242.

In White v. BFI Waster Servs., LLC, 375 F.3d 288, 297 (4th Cir. 2004), two African American employees were able to overcome summary judgment for a racial hostile work environment action based on derogatory remarks made by their fellow employees throughout their employment with the company. The court stated that "'[p]erhaps no single act can more quickly alter the conditions of employment and create an abusive working environment than the use of an unambiguously racial epithet [...] by a supervisor in the presence of his subordinates.'" Id., quoting Rodgers v. Western-Southern Life Ins. Co., 12 F.3d 668, 675 (7th Cir 1993). The above-mentioned cases meet the high standard to overcome summary judgment for a hostile work environment claim.

Here, although Plaintiff's work environment was perhaps sometimes unpleasant, Plaintiff has not established that there was "severe" or "pervasive" harassment that altered her environment. Even accepting Plaintiff's alleged descriptions of harassment as true and accurate, the conduct does not meet the hostile work environment standard. Notably, the Fourth Circuit recognizes that "Title VII does not provide a remedy for every instance of verbal and physical harassment in the workplace" and it does not guarantee a federal employee a workplace of refinement and sophistication. Lissau v. S. Food Servs., Inc., 159 F.3d 177, 183 (4th Cir. 1998); Hartsell v. Duplex Prods. Inc., 123 F.3d 766, 773 (4th Cir. 1997).

Plaintiff's response to the motion for summary judgment concedes that there "must be a

showing of more than 'mere unpleasantness.'" (Document No. 30 at 5) quoting Hartsell 123 F.3d at 772. Plaintiff's brief also provides an example from the United States District Court for the Eastern District of North Carolina of a case in which that court recognized a successful pleading for hostile work environment; the case involved African-American workers who had been called "Sambos" and had endured jokes from white co-workers. Id.

In the instant case, Plaintiff has made no similar specific allegations of the use of racial epithets or other severe or pervasive harassment. At worst, it appears Plaintiff may have suffered some unpleasantness and inconvenience. However, the eye rolling, hollering and foot dragging described by Plaintiff do not meet the standard articulated by the Supreme Court for a hostile work environment and are not likely to be found hostile or pervasive by a reasonable person.

Based on the foregoing, it is the undersigned's opinion that Plaintiff has not met the necessary criteria for a claim brought under Title VII and therefore there is no triable issue for hostile work environment.

      **B.    Whether Defendant discriminated and retaliated as a result of Plaintiff's first EEO complaint.**

In order to establish a *prima facie* case for retaliation, a plaintiff must show: (1) the plaintiff engaged in protected activity, such as filing a complaint with the EEOC; (2) the employer acted adversely against the plaintiff; and (3) the protected activity was causally connected to the employer's adverse action. Beall v. Abbot Labs., 130 F.3d 614, 619 (4th Cir. 1997), citing Carter v. Ball, 33 F.3d 450, 460 (4th Cir. 1994). The burden then shifts to the employer to rebut the presumption of retaliation by articulating a legitimate non-discriminatory reason for its actions. Id. The plaintiff must then demonstrate that the employer's reason was a mere pretext for retaliation by

proving "both that the reason was false, and that discrimination was the real reason for the challenged conduct." Id. Moreover, the plaintiff always has the burden of persuading the trier of fact that the defendant engaged in retaliatory conduct. Id. Notably, the challenged action must be materially adverse. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). The Court explained that "the anti-retaliation provision seeks to prevent employer interference with 'unfettered access' to Title VII's remedial mechanisms [and] it does so by prohibiting employer actions that are likely to deter victims of discrimination from complaining to the EEOC, the courts, and their employer." Id. at 54, citing Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997).

In the instant case, Plaintiff asserts that there are two different instances of discrimination: (1) denial of sick leave; and (2) the issuance of the Letter of Warning. Defendant in response asserts non-discriminatory reasons for these employment decisions. Defendant claims that the denial of sick leave on September 16, 2003 was due to Plaintiff's failure to provide accurate documentation. (Document No. 26 at 20). Defendant also explains that Plaintiff was actually approved for sick leave September 18, 2003, provided that she attained the proper documentation. Id. The Letter of Warning was issued by a supervisor who was unaware of the EEO activity and therefore could not have been motivated by retaliatory purposes. Id. Furthermore, Plaintiff has admitted that the reasons stated in the Letter of Warning were true. Id.

Therefore, the undersigned finds that Plaintiff fails to establish a *prima facie* case for retaliation because she provides no evidence to prove that "but for" her prior EEO activity, she would not have been called in for an investigative interview and issued a letter of warning. See Jiminez v. Mary Washington College, 57 F.3d 369, 377 (4th Cir. 1995) (stating that "Title VII is not a vehicle for substituting the judgment of a court for that of the employer").

In other words, there is no evidence of a causal connection between the protected activity of filing an EEO complaint and the allegedly adverse actions of Defendant. Even if Plaintiff had stated a *prima facie* case for retaliation, Defendant has articulated legitimate non-retaliatory reasons for its actions. Because Plaintiff has not demonstrated that the Defendant's reasons for its actions are both false, and that discrimination was the real reason for their conduct, the undersigned is not persuaded that Defendant engaged in retaliatory conduct. Beall, 130 F. 3d at 619, citing Jiminez, 57 F.3d at 377-78. Thus, summary judgment is appropriate on the issue of retaliation.

**C. Whether Defendant discriminated against Plaintiff based on her alleged disability.**

In order to establish a *prima facie* case for discrimination, Plaintiff must prove that: (1) she has a disability under the Rehabilitation Act ("RA"); (2) she is qualified for the employment position; and (3) she suffered an adverse employment action due to discrimination on the basis of disability. Brockman v. Snow, 217 Fed. Appx. 201, 208 (4th Cir. 2007), citing Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995). Because Plaintiff fails to prove a disability under the RA, this claim for discrimination also fails and the Court need not address the other elements of a *prima facie* case.

Plaintiff initially claimed that she was disabled due to her post-surgical peroneal tendinitis, which substantially impaired her ability to lift, balance, and walk. (Document No. 14 at 5). She alleges that she was subjected to a hostile work environment, denied promotion and fair handling of her workers' compensation claim, and was otherwise discriminated against because of her disability. Id.

Defendant argues that Plaintiff fails to prove that she is disabled as that term of art is defined

in the RA. (Document No. 26 at 10). The RA defines disability as an individual who: (1) has a physical or mental impairment which substantially limits one or more of an individual's major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment. 29 U.S.C. § 705(20)(B); 29 C.F.R. § 1614.203(a)(1). In order to be substantially limited, an individual must be "significantly restricted in the ability to perform either a 'class of jobs' or a 'broad range of jobs in various classes.'" 29 C.F.R. § 1630.2(j)(3)(I); see also Sutton v. United Air Lines, Inc., 527 U.S. 471, 492 (1999) (holding that "[t]o be substantially limited in the major life activity of working ... one must be precluded from more than one type of job, a specialized job, or a particular job of choice").

In the instant case, Defendant contends that there is no evidence in the record that Plaintiff's peroneal tendinitis substantially limited a major life activity as required by the statute and the fact that although Plaintiff has a disability, rated at 7 percent by the Office of Workers' Compensation, does not prove that she is disabled under the statute. See Bailey v. Charlotte-Mecklenburg Bd. of Edu., No. 3:98CV565-MU, 2001 WL 1019736 at *9 (W.D.N.C. 2001) (determining that a twenty percent knee disability rating was not a disability under the Americans with Disabilities Act ("ADA")); Lebron-Torres v. Whitehall Laboratories, 251 F.3d 236, 241-42 (1st Cir. 2001) (holding that a twenty percent disability rating for a back injury was not a disability under the ADA); Long v. City of Leawood, 202 F.3d 282 (10th Cir. 2000) (stating that a ten percent permanent partial disability of the hand did not establish disability under the ADA).

As to the effect on a major life activity, the Fourth Circuit has noted that a disability that substantially limits a major life activity limits functions "such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Hooven-Lewis

v. Caldera, 249 F.3d 259, 269 (4th Cir. 2001) quoting 29 C.F.R. § 1614.203(a)(3). Plaintiff here has not shown such limitations. Plaintiff's deposition reveals that she cannot jump rope, or run or walk as far as she once could, but that she can still walk and run; and may be able to walk almost a mile. (Document No. 26-2 at 20-22). It also reveals that she drives, cooks, cleans, can maintain her personal hygiene, and continues to work with a limitation on lifting heavy objects. Id. at 15-17. Plaintiff's own testimony indicates that her major life activities are not substantially limited. Because her ankle injury does not substantially limit a major life activity, Plaintiff's discrimination claim must fail.

Case law establishes that Plaintiff's limitations are relatively minor and do not amount to a disability. See, Kelly v. Drexel University, 94 F.3d 102, 106 (3d Cir. 1996)(Employee who could not jog, had trouble climbing stairs, and could not walk more than a mile, not substantially limited in walking); Vass v. Riester & Thesmacher Co., 79 F. Supp. 2d 853, 860-61 (N.D. Ohio, Jan. 6, 2000)(Employee who loses balance, wears a knee brace, experiences pain walking up stairs, and unable to stand for more than 30 minutes, is not substantially limited in walking); Puoci v. City of Chicago, 81 F. Supp.2d 893, 896-97 (N.D. Ill., Jan. 14, 2000)(Employee who walks with limp, has pain and discomfort when walking, experiences numbness in his leg, and could only walk for 1 ½ miles, was not substantially limited in walking).

Based on the foregoing, the undersigned finds that Plaintiff is not disabled as that term of art is defined in the RA, and therefore Defendant is entitled to summary judgment as a matter of law.

### IV. CONCLUSION

In sum, the Plaintiff fails to establish a *prima facie* case for hostile work environment, retaliation based her prior EEO complaint, and discrimination based on her alleged disability. The

hostile work environment was not severe or pervasive enough to alter the conditions of her employment; she fails to show a causal relationship between the alleged retaliations and the actions her employer took against her; and she cannot prove that she is disabled as that term of art is defined by the Rehabilitation Act.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Summary Judgment" (Document No. 25) is **GRANTED.**

Signed: July 2, 2008

David C. Keesler
United States Magistrate Judge